**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JASON PERLETT,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF NEW JERSEY, et al.,<br><br>Respondents. | No. 26cv8681 (EP)<br><br>**MEMORANDUM ORDER** |

**PADIN, District Judge.**

On July 14, 2026, *pro se* Petitioner Jason Perlett filed a notice seeking to remove his pending robbery prosecution from the Superior Court of New Jersey, Law Division, Morris County, to this Court under 28 U.S.C. § 1455. D.E. 1 (the "Notice"). Petitioner states that he is charged with robbery under N.J. Stat. Ann. § 2C:15-1(a)(2). *Id.* at 1. He argues that New Jersey Senate Bill 4870 eliminated state judges' discretion to sentence certain defendants as though they had been convicted of an offense one degree lower, whereas federal law provides greater sentencing flexibility. *Id.* at 1–2. In a subsequent letter, Petitioner reiterated these grounds and requested an evidentiary hearing or conference to address removal before this Court. D.E. 3 at 1.

The Court will summarily **REMAND** the prosecution because the Notice does not establish a basis for removal under 28 U.S.C. § 1443(1). The Court will also **DENY** Petitioner's request for a hearing.[1]

[1] The Court has reviewed Petitioner's submissions and decides the motion without oral argument. *See* Fed. R. Civ. P. 78(b); L. Civ. R. 78.1(b).

## I. DISCUSSION

Section 1455 governs the procedure for removing a state criminal prosecution to federal court. *Pennsylvania v. Brown-Bey*, 637 F. App'x 686, 688 n.2 (3d Cir. 2016). A defendant ordinarily must file a notice of removal no later than 30 days after arraignment in state court or before trial, whichever is earlier. 28 U.S.C. § 1455(b)(1). The notice must contain a "short and plain statement of the grounds for removal." *Id.* § 1455(a). Petitioner represents that no arraignment had been scheduled when he prepared his Notice. Notice at 2. Regardless of it the Notice was timely, however, removal is unavailable for the reasons set forth below. Under § 1455(b)(4), the Court must order summary remand if it clearly appears from "the face of the notice and any exhibits annexed thereto that removal should not be permitted."

Petitioner also relies on 28 U.S.C. § 2254 to argue that the state proceeding cannot adequately protect his rights because federal courts have additional sentencing options. Notice at 2. Section 2254 governs federal habeas review of state-court judgments; it does not independently authorize removal of a pending state criminal prosecution.

The Court liberally construes the *pro se* Notice as invoking 28 U.S.C. § 1443(1). *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (explaining that *pro se* filings are liberally construed). Section 1443(1) authorizes removal of a state criminal prosecution against a person who is denied, or cannot enforce in state court, a right under a law providing for equal civil rights.

To justify removal under § 1443(1), a defendant must show that "(1) [the defendant] rel[ies] upon a specific civil right stated in terms of racial equality, and (2) a clear prediction can be made that the right relied upon will be denied or not be enforceable in the state court." *Hill v. Com. of Pa.*, 439 F.2d 1016, 1019 (3d Cir. 1971). Petitioner does not identify a "right stated in terms of racial equality." Instead, he challenges the sentencing options available under New Jersey law and

compares them to those available under federal law. Notice at 1–2; D.E. 3 at 1. That comparison does not satisfy the first requirement for removal under § 1443(1).

Nor does Petitioner identify a federal equal-rights protection that the state court will inevitably deny. *See Pennsylvania v. Williams*, No. 15-1022, 2015 WL 3440273, at *2 (M.D. Pa. May 27, 2015). His contention that federal sentencing law affords greater flexibility does not establish a right to have his state robbery prosecution adjudicated or sentenced under federal law. *See Testa v. Dep't of Just.*, No. 20-3108, 2022 WL 4128758, at *2 (3d Cir. Sept. 12, 2022). Because these defects appear on the face of the Notice, summary remand is appropriate under § 1455(b)(4), without an evidentiary hearing or conference. 28 U.S.C. § 1455(b)(4).

## II. CONCLUSION AND ODER

Petitioner has not established grounds to remove his state criminal prosecution under 28 U.S.C. § 1443(1). Accordingly, the Court will summarily **REMAND** this matter and **DENY** Petitioner's request for a hearing.

**IT IS**, on this 22nd day of October, 2026,

**ORDERED** that this matter is summarily **REMANDED** to the Superior Court of New Jersey, Law Division, Morris County; and it is further

**ORDERED** that Petitioner's request for an evidentiary hearing or conference, D.E. 3, is **DENIED**; and it is further

**ORDERED** that the Clerk shall serve a copy of this Memorandum Order on Petitioner by regular U.S. mail and shall **CLOSE** this matter.

Evelyn Padin, U.S.D.J.